UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRUSTEES OF THE NEW YORK CITY DISTRICT
COUNCIL OF CARPENTERS PENSION FUND, WELFARE
FUND, ANNUITY FUND, APPRENTICESHIP,
JOURNEYMAN RETRAINING, EDUCATIONAL AND
INDUSTRY FUND, TRUSTEES OF THE NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS RELIEF AND
CHARITY FUND, THE NEW YORK CITY AND VICINITY
CARPENTERS LABOR-MANAGEMENT CORPORATION,
and THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS,

18 CV _____

Plaintiffs,

**COMPLAINT**

-against-

JAIDAN INDUSTRIES INC. and LIBERTY MUTUAL
INSURANCE COMPANY,

Defendants.

---

Plaintiffs, by and through their attorneys, Virginia & Ambinder, LLP, as and for their

Complaint, respectfully allege as follows:

### PRELIMINARY STATEMENT

1.     This is a civil action pursuant to sections 502(a)(3) and 515 of the Employee

Retirement Income Security Act, as amended, 29 U.S.C. §§ 1132(a)(3), 1145 ("ERISA"), section

301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185 ("LMRA"), and section

220-g of the New York Labor Law ("NYLL"), to recover delinquent employer contributions to a

group of employee benefit plans and to recover delinquent contributions pursuant to a payment

bond.

### JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367,

and 29 U.S.C. §§ 185 and 1132(e)(1).

3.      Venue is proper in this judicial district pursuant to 29 U.S.C. 1132(e)(2) because the Funds (as defined below) reside or may be found in this district.

**THE PARTIES**

4.      Plaintiff Trustees of the New York City District Council of Carpenters Pension, Welfare, Annuity, Apprenticeship, Journeyman Retraining and Educational and Industry Funds (the "ERISA Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with ERISA. The Trustees are fiduciaries of the ERISA Funds within the meaning of section 3(21) of ERISA, 29 U.S.C. § 1002(21).  The ERISA Funds maintain their principal place of business at 395 Hudson Street, New York, New York 10014.

5.      Plaintiff Trustees of the New York City District Council of Carpenters Relief and Charity Fund (the "Charity Fund") are Trustees of a charitable organization established under section 501(c)(3) of the Internal Revenue Code, 26 U.S.C. § 501(c)(3).  The Charity Fund maintains its principal place of business at 395 Hudson Street, New York, New York 10014.

6.      Plaintiff New York City and Vicinity Carpenters Labor-Management Corporation (together with the ERISA Funds and the Charity Fund, the "Funds") is a New York not-for-profit corporation.

7.      Plaintiff New York City District Council of Carpenters (the "Union") (together with the Funds, the "Plaintiffs") is a labor organization that represents employees in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142, and is the certified bargaining representative for certain employees of Jaidan (as defined below).  The Union maintains its principal place of business at 395 Hudson Street, New York, New York 10014.

8.      Defendant Jaidan Industries Inc. ("Jaidan") is a domestic business corporation incorporated under the laws of the state of New York.  At all relevant times, Jaidan was an

employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was an employer in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142.  Jaidan maintains its principal place of business at 16 Capi Lane, Port Washington, New York 11050-3410.

9.      Defendant Liberty Mutual Insurance Company ("Liberty") (together with Jaidan, the "Defendants") is a corporation organized under the laws of the Commonwealth of Massachusetts.  Liberty maintains its principal place of business at 175 Berkeley Street, Boston, Massachusetts 02116

## STATEMENT OF FACTS

10.     At all relevant times, Jaidan was a party to or otherwise bound by a collective bargaining agreement ("CBA") with the Union.

11.     The CBA required Jaidan to make specified hourly contributions to the Funds and pay specified hourly wages to its employees in connection with all work performed in the trade and geographical jurisdiction of the Union ("Covered Work").

12.     The CBA further provided that Jaidan shall deduct union dues from the weekly wages of its employees and that Jaidan shall remit such monies deducted to the Union.

13.     Jaidan failed to remit all required contributions to the Funds in connection with Covered Work it performed on a New York City Department of Design & Construction project known as Chelsea District Health Center Renovation, 303 Ninth Avenue, New York, New York 10001 (the "Project") for the period of in or around August 2017 through the present.

14.     Jaidan also deducted union dues from its employees' wages and failed to remit such monies deducted to the Union as required by Jaidan's CBA in connection with work Jaidan's employees performed on the Project.

15.     Liberty issued a payment bond guaranteeing payment of all wages and benefits owed by Jaidan in connection with work its employees performed on the Project.

16.     By issuing the payment bond, Liberty assumed liability for the payment of all contributions and union dues owed by Jaidan in connection with work it performed on the Project.

### THE FUNDS' FIRST CLAIM FOR RELIEF AGAINST JAIDAN
*Unpaid Contributions Under 29 U.S.C. § 1145*

17.     Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

18.     Section 515 of ERISA, 29 U.S.C. § 1145, provides that employers "obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement."

19.     The CBA requires that Jaidan make contributions to the Funds for all Covered Work it performed on the Project.

20.     Jaidan has failed to remit contributions to the Funds in the principal amount of at least $58,202.07 for Covered Work it performed on the Project.

21.     Pursuant to the CBA and ERISA sections 502(a)(3), 502(g)(2), and 515, 29 U.S.C. §§ 1132(a)(3), (g)(2) and 29 U.S.C. § 1145, Jaidan is liable to the Funds for: (1) its unpaid contributions on the Project; (2) interest on the unpaid contributions; (3) an amount equal to the greater of the interest on the unpaid contributions or liquidated damages in an amount generally not in excess of 20 percent of the unpaid contributions; (4) reasonable attorneys' fees, audit fees, and collection costs incurred by the Funds in this action; and (5) such other legal or equitable relief as the Court deems appropriate.

### THE FUNDS' SECOND CLAIM FOR RELIEF AGAINST JAIDAN
*Violation of Collective Bargaining Agreement Under 29 U.S.C. § 185*

22.    Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

23.    Section 301 of the LMRA, 29 U.S.C. § 185, authorizes the Union and the Funds, as third-party beneficiaries to the CBA, to file a federal lawsuit regarding an employer's violation of that CBA.

24.    Jaidan violated the terms of the CBA when it failed to make all contributions for work it performed on the Project.

25.    As a result of Jaidan's violation, the Funds are entitled to damages and other equitable relief pursuant to section 301 of the LMRA, 29 U.S.C. § 185.

### THE UNION'S THIRD CLAIM FOR RELIEF AGAINST JAIDAN
*Violation of Collective Bargaining Agreement Under 29 U.S.C. § 185*

26.    Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

27.    Section 301 of the LMRA, 29 U.S.C. § 185, authorizes the Union and the Funds, as third-party beneficiaries to the CBA, to file a federal lawsuit regarding an employer's violation of that CBA.

28.    Jaidan violated the terms of the CBA when it deducted union dues from its employees' wages and failed to remit such monies deducted to the Union.

29.    As a result of Jaidan's violation, the Union is entitled to damages and other equitable relief pursuant to section 301 of the LMRA, 29 U.S.C. § 185.

**PLAINTIFFS' FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Violation of NYLL § 220-g*

30.     Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

31.     New York Labor Law § 220-g provides that an employee that furnished labor to either the contractor or subcontractor may bring an action to recover unpaid wages and supplements, including interest, against the contractor, subcontractor-employer or bonding company.

32.     By issuing the bond, Liberty assumed joint and several liability with Jaidan to pay any and all wages and supplements due and owing as a result of Jaidan's failure to pay for work performed on the Project.

33.     Jaidan failed to make all supplemental benefits payments to the Funds and failed to remit all required union dues to the Union in connection with work performed by Jaidan's employees on the Project.

34.     In accordance with NYLL § 220-g, this action has been brought within one year of the date of the last alleged underpayments.

35.     Therefore, Defendants are required to make payment to the Plaintiffs for the amounts due and owing, plus interest, on the Project.

**PLAINTIFFS' FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Common Law Claim Against the Bond*

36.     Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

37.     Liberty issued a common-law bond on the Projects.

38.     Pursuant to the common-law bond, Liberty guaranteed the payment of wages and benefits to Jaidan's employees on the Project and thereby assumed joint and several liability with

Jaidan to pay any and all wages and benefits due and owing as a result of Jaidan's failure to pay wages and benefits for work performed on the Project.

39.     Jaidan failed to make all required payments to Plaintiffs for work performed by its employees on the Project.

40.     Therefore, under the common-law bond and pursuant to the principles of common-law suretyship, Liberty is required to make payment to the Plaintiffs for all contributions due and owing, plus interest, on the Project.

**WHEREFORE**, Plaintiffs respectfully request that this Court:

   i.    Award judgment in favor of Plaintiffs and against Jaidan for its failure to pay Plaintiffs all union dues and contributions required by the CBA;

  ii.    Order Jaidan to pay Plaintiffs all delinquent contributions, interest on unpaid contributions, liquidated damages, attorneys' fees, and audit costs/collection costs incurred by the Funds;

 iii.    Award judgment in favor of Plaintiffs and against Liberty for the amount of all contributions and union dues owed by Jaidan for work it performed on the Project, plus interest; and

  iv.    Award Plaintiffs such other and further relief as the Court deems just and proper.

Dated: New York, New York                    Respectfully submitted,
       March 15, 2018

                                             **VIRGINIA & AMBINDER, LLP**

                                   By:       _____/s/_____

                                             Todd Dickerson
                                             40 Broad Street, 7th Floor
                                             New York, NY 10004
                                             Tel: (212) 943-9080
                                             tdickerson@vandallp.com
                                             *Attorneys for Plaintiffs*